*Municipal Court of the*
*City of Boston*

No. 140794

No. 141471

No. 127534

**ALLEN R. MUNN**

**v.**

**RONALD C. TREANTOFEL**

**ETHELYN A. GIBBONS**

**v.**

**GEORGE E. POILLUCIE**

**WESTON W. PARKER**

**v.**

**ROBERT LAMPERT**

Argued: May 10, 1968   Decided: May 14, 1968

*Present:* Adlow, C.J., Gillen, J., Gorrasi, Sp. J.

Case tried to *Riley, J.*, in the Municipal Court of the City of Boston.

*Adlow, C. J.* In the three above-entitled actions, proceedings were commenced by writs served upon the Registrar of Motor Vehicles in accordance with the provisions of G.L.c. 90, § 3D. The writs were dated respectively September 8, 1965, September 15, 1965 and December 22, 1965, and were all entered in court on the appropriate return day, bearing notations on the backs indicating that the plaintiffs had summoned "said defendant to appear and answer at court as within directed by leaving at the office of the Registrar of Motor Vehicles for the Commonwealth of Massachusetts — two attested copies and two summons of this writ together with the statute fee of two dollars." Said service was made in each case upon the Registrar of Motor Vehicles by a deputy sheriff of the County of Suffolk.

On March 11, 1968 none of the defendants named in any of the above-mentioned writs having appeared and answered, the plaintiffs presented motions seeking to default each defend-

ant for failure to appear and answer. The court denied said motions and in so disposing of the motions ruled that "section 3-D of Chapter 90 of the General Laws provides for a supplemental method of getting notice to a defendant whom an officer by his return indicates he was unable to find or make service on; that Chapter 90, section 3-D, did not provide for service on the Registrar of Motor Vehicles completely ignoring the defendant by not serving him or by an officer's return of having made a diligent search preliminary to serving on the Registrar of Motor Vehicles." On the basis of this ruling, the court denied the motions of the plaintiffs to default these causes.

We do not agree with this ruling of the court.

The language of G.L.c. 90, § 3-D does not predicate the right to make service upon the Registrar of Motor Vehicles upon a failure to obtain personal service or institute process under the provisions of G.L.c. 223, §§ 26 and 31. It is provided by G.L.c. 90, § 3-D that "application for registration of a motor vehicle — or for a license to operate motor vehicles shall constitute and irrevocably appoint in case the certificate of registration or license applied for is issued, the Registrar or his successor in office, the true and lawful attorney of the applicant, upon whom may be served all lawful processes in any action or proceeding against him, —." It is provided in the same section that

"any process against him which is so served shall, if so notified of such service as hereinafter provided, be of the same legal force and validity as if served on him personally and the mailing by the Registrar of a copy of such process to him at his last address as appearing on the Registrar's records shall be sufficient notice to him of such service."

The clear and unequivocal language of this section clearly reveals that this method of instituting an action for a motor vehicle injury is independent of any other action permitted by the General Laws. It is not a supplemental procedure as indicated by the court under review, but is an alternative remedy available to any person seeking to commence an action in the district courts of this Commonwealth. In our opinion the Motions to Default should have been allowed. However, provision is made in section 3-D of C. 90 of the General Laws that "service of such process shall be made by leaving duplicate copies thereof with a fee of two dollars in the hands of the Registrar or in his office and the Registrar shall forthwith send one of said copies by mail, postage prepaid, addressed to the defendant at his last address as appearing on the Registrar's records; and an affidavit of the Registrar, or any person authorized by him to send such a copy, that such copy has been so mailed shall be prima facie evidence thereof." While it does not appear that any question was raised with respect to

the compliance of the parties with this particular section of the statute, we believe it a prerequisite to entitlement to a default that the aforesaid affidavit be presented to the court. For that reason we are returning these cases to the court for the purpose of enabling the parties interested to properly present their motions without any prejudice by reason of any previous disposition.

**These cases remanded for further action by the parties.**

JOHN W. BUNKER
    of Boston for the plaintiffs